**CT Corporation**

**Service of Process Transmittal**
01/07/2010
CT Log Number 515966425

TO: Barbara Hyman
CNA Financial Corporation
333 South Wabash
Chicago, IL 60604

RE: **Process Served in Virginia**

FOR: Continental Casualty Company (Domestic State: IL)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | Dianna L. Purvis, Pltf. vs. Continental Casualty Company and Benefit Consultants, Inc., Dfts. |
| DOCUMENT(S) SERVED: | Summons, Complaint |
| COURT/AGENCY: | Fairfax County Circuit Court, VA<br>Case # CL-2009-0012889 |
| NATURE OF ACTION: | Insurance Litigation - Alleged breach of contract - Seeking $1,150,000.00 |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, Glen Allen, VA |
| DATE AND HOUR OF SERVICE: | By Process Server on 01/06/2010 at 09:30 |
| APPEARANCE OR ANSWER DUE: | Within 21 days after service |
| ATTORNEY(S) / SENDER(S): | Paul A. Morrison<br>Howard, Morrison, Ross and Whelan<br>31 Garrett Street<br>Warrenton, VA 20186<br>(540) 347-1000 |
| ACTION ITEMS: | CT has retained the current log, Retain Date: 01/07/2010, Expected Purge Date: 01/12/2010<br>Image SOP<br>Email Notification, Barbara Hyman barbara.hyman@cna.com |
| SIGNED: | C T Corporation System |
| PER: | Tinika Baylor |
| ADDRESS: | 4701 Cox Road<br>Suite 301<br>Glen Allen, VA 23060 |
| TELEPHONE: | 804-217-7255 |

Page 1 of 1 / KW

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Exhibit A

COMMONWEALTH OF VIRGINIA
## CIRCUIT COURT OF FAIRFAX COUNTY
4110 CHAIN BRIDGE ROAD
FAIRFAX, VIRGINIA 22030
703-691-7320
(Press 3, Press 1)

Dianna L Purvis vs. Continental Casualty Co, etal.

CL-2009-0012889

TO: Continental Casualty Co
Serve CT Corporation System RA
4701 Cox Road Ste 301
Glen Allen VA 23060

## SUMMONS – CIVIL ACTION

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the Clerk's office of this Court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment or decree against such party either by default or after hearing evidence.

**APPEARANCE IN PERSON IS NOT REQUIRED BY THIS SUMMONS.**

Done in the name of the Commonwealth of Virginia, on Monday, December 28, 2009.

JOHN T. FREY, CLERK

By: _____
Deputy Clerk

Plaintiff's Attorney  Paul A. Morrison

VIRGINIA:

IN THE CIRCUIT COURT OF FAIRFAX COUNTY

DIANNA L. PURVIS, )
as personal representative of the )
Estate of Joseph E. Purvis, )
)                          09 12889-
Plaintiff., )
)
v. ) Case No.
)
CONTINENTAL CASUALTY COMPANY and )
)
BENEFIT CONSULTANTS, INC., )
)
Defendants. )

SERVE:

**Continental Casualty Company**
CT Corporation System, Registered Agent
4701 Cox Road, Suite 301
Glen Allen, Virginia 23060

**Benefit Consultants, Inc.**
Clerk, Virginia State Corporation Commission
1300 East Main Street, Tyler Building, 1st Floor
Richmond, Virginia 23219

## COMPLAINT

COMES NOW, your Plaintiff, Dianna Purvis, by counsel, and files this Complaint against the Defendant, Continental Casualty Company, and the Defendant, Benefit Consultants, Inc., both jointly and severally, for judgment and award of execution in the amount of One Million One Hundred and Fifty Thousand Dollars ($1,150,000.00) and in support hereof does state as follows:

### The Parties

1. Your Plaintiff, Dianna L. Purvis, is a resident of the Commonwealth of Virginia residing in Fairfax County.

2. The Defendant, Continental Casualty Company, is an Illinois corporation licensed to do business in the Commonwealth of Virginia.

3. The Defendant, Benefit Consultants, Inc., is, upon information and belief, a Tennessee corporation not licensed to do business in the Commonwealth of Virginia.

### Jurisdiction and Venue

4. The Court has jurisdiction over this matter pursuant to Virginia Code Section 8.01-328.1, 1950, as amended.

5. Venue is proper pursuant to Virginia Code Section 8.01-262, 1950, as amended.

### General Allegations

6. Your Plaintiff's husband, Joseph E. Purvis, now deceased, was issued Policy No. 18-113-95 (hereinafter the "Policy") by the Defendant Continental Casualty Company (hereinafter "Continental"), insuring eligible customers of Crossland Mortgage Corporation.

7. Joseph E. Purvis was listed as the insured customer and the Policy became effective on August 1, 1995.

8. At all times between August 1, 1995 and August 2, 1999, the premiums on the Policy were paid.

9. The Policy expressly required no additional steps to maintain coverage.

10. On or about August 2, 1999, Joseph E. Purvis fell at his home and suffered

a complete spinal cord injury, rendering him a quadriplegic.

11. On or about September 2, 1999, Michael E. Barnsback, Esquire, former counsel for your Plaintiff and the decedent (hereinafter "Barnsback"), made a formal notice of claim for benefits under the Policy.

12. Your Plaintiff's initial claim was denied.

13. On or about October 1, 1999, Barnsback received a copy of the Dismemberment Benefit from Tawanna Tugwell, a representative of the Claims Department at Benefit Consultants, Inc. (hereinafter "Benefit Consultants").

14. On Page 3 of the Policy, the Dismemberment Benefit is listed.

15. The pertinent language of the Dismemberment Benefit is as follows:

"When injury does not result in loss of life of the Insured Person within one year after the date of the accident but does result in any one of the following losses within 365 after the date of the accident, the Company will pay the amount set opposite said loss, but not to exceed the Principal Sum stated in the schedule. If more than one loss results from one accident, only the amount set opposite one loss (the greater) will be paid..

Both hands, both feet, or entire sight of both eyes....The Principal Sum"

The Principal Sum is $200,000.00

16. Per the clear language of the Policy, Mr. Purvis qualifies for the Principal Sum of $200,000.00

17. The Principal Sum has never been paid.

18. Neither of the Defendants made a counteroffer to mitigate the damages under the Policy.

19. On or about September 12, 2000, Natasha Bryant French, a customer

service representative from Benefit Consultants provided claim forms to your Plaintiff's second former counsel, Patricia Lardner, Esquire (hereinafter "Lardner").

20. In her letter accompanying the claim forms, Ms. French provided Lardner step-by-step instructions for filing a claim under the Dismemberment Benefit of the policy.

21. Lardner relied on these instructions and obtained the requested documentation.

22. On or about October 13, 2000, Lardner sent a formal demand for a copy of the decedent's insurance policy.

23. This claim was denied for being insufficient as to the information provided.

24. On or about April 12, 2001, Lardner made a second formal demand for a copy of the policy from Defendant Continental.

25. This request was not answered.

26. On or about June 13, 2001, less than two years after the date of the accident, your Plaintiff made a formal claim to Defendant Continental under the Indemnity for Limb Loss policy.

27. Defendant Continental never responded to this demand.

28. Defendant Continental made no effort to mitigate the damages at this time.

### COUNT I - BREACH OF CONTRACT

*Defendant Benefit Consultants, Inc.*

29. The allegations contained in paragraphs 1 through 28 are reincorporated as if fully set forth herein.

30. The plain language of the Indemnity for Dismemberments Benefits policy provides for benefits in the event of an accident not resulting in death for a period of more than 365 days but resulting in a loss of the use of both hands, both feet, or both eyes.

31. As a result of his accident, the decedent suffered a complete loss of the use of his arms and legs and was rendered blind.

32. The Defendant Benefit Consultants breached this contract when they failed to pay the properly demanded claim.

### COUNT II - BREACH OF CONTRACT

*Defendant Continental Casualty Company*

33. The allegations contained in paragraphs 1 through 32 are reincorporated as if fully set forth herein.

34. The plain language of the Indemnity for Limb Loss policy provides for benefits in the event of an accident not resulting in death for a period of more than 365 days but resulting in a loss of use of limbs and/or sight.

35. As a result of his accident, the decedent suffered a complete loss of the use of his arms and legs and was rendered blind.

36. The Defendant Continental Casualty Company breached this contract when they failed to pay the properly demanded claim.

### COUNT III - BAD FAITH

*Defendants Continental Casualty Company and Benefit Consultants, Inc.*

37. The allegations contained in paragraphs 1 through 36 are reincorporated as if fully set forth herein.

38. The Defendants denied coverage and refused to pay a first-party claim brought by the insured and the insured's representative.

39. Such denial and refusal did not have a good faith basis, and no attempts were made by either Defendant Continental or Defendant Benefit Consultants to explain their denials.

40. Under Virginia Code § 38.2-209, insurance carriers are liable for their bad faith denials and refusals to pay validly submitted claims.

41. The remedy for bad faith by an insurance carrier is double damages and liability for all attorneys' fees and costs incurred in the enforcement of the action.

WHEREFORE, your Plaintiff respectfully requests contract damages in the amount of $800,000, punitive damages in the amount of $350,000, as well as all attorneys' fees and costs associated with the pursuance of this action, as authorized by Virginia Code § 38.2-209.

Respectfully submitted,

Dianna Purvis
By Counsel

Paul A. Morrison
Virginia State Bar No. 28007
Thomas C. Soldan
Virginia State Bar No. 75459
Howard, Morrison, Ross, and Whelan
31 Garrett Street
Warrenton, Virginia 20186
(540) 347-1000
(540) 349-4422 (FAX)
    Counsel for the Plaintiff

**VIRGINIA:**

## IN THE CIRCUIT COURT OF FAIRFAX COUNTY

| | |
|---|---|
| DIANNA L. PURVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 200912889 |
| ) | |
| CONTINENTAL CASUALTY COMPANY and ) | |
| BENEFIT CONSULTANTS, INC., ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF FILING NOTICE OF REMOVAL
## OF DEFENDANT CONTINENTAL CASUALTY COMPANY

PLEASE TAKE NOTICE that a Notice of Removal of this action from the Circuit Court of the Fairfax County, Virginia to the United States District Court for the Eastern District of Virginia, Alexandria Division (a copy of which is attached hereto) was filed on the 25th day of January, 2010 in the United States District Court for the Eastern District of Virginia, Alexandria Division.

CONTINENTAL CASUALTY COMPANY
By: _____
David E. Constine, III, VSB No. 23223
david.constine@troutmansanders.com
Laura D. Windsor, VSB No. 70354
laura.windsor@troutmansanders.com
TROUTMAN SANDERS LLP
1001 Haxall Point
P. O. Box 1122
Richmond, Virginia 23218-1122
(804) 697-1200
FAX (804) 697-1339

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of January, 2010, a copy of the foregoing was mailed, first-class, postage prepaid, to:

>Paul A. Morrison
>Thomas C. Soldan
>Howard, Morrison, Ross, and Whelan
>31 Garrett Street
>Warrenton, Virginia 20186
>(540) 347-1000
>(540) 349-4422

>CONTINENTAL CASUALTY COMPANY
>By /s/ Laura D. Windsor
>David E. Constine, III, VSB No. 23223
>david.constine@troutmansanders.com
>Laura D. Windsor, VSB No. 70354
>laura.windsor@troutmansanders.com
>TROUTMAN SANDERS LLP
>1001 Haxall Point
>P. O. Box 1122
>Richmond, Virginia 23218-1122
>(804) 697-1200
>FAX (804) 697-1339

1896311v1    2